[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16635
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20845-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 28, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Bernard Moore appeals his conviction of being a felon in possession of a

firearm. 18 U.S.C. §§ 922(g)(1), 924(e).  Moore challenges the denial of his motion for a mistrial.  Moore argues that the prosecutor engaged in misconduct by inquiring on cross-examination about his prior convictions after he had stipulated to them.  He also  argues that the prosecutor violated the "Golden Rule" during closing argument by asking the jurors to place themselves in Moore's position. We affirm.

The denial of a motion for a mistrial is reviewed for abuse of discretion. United States v. Campa, 529 F.3d 980, 992 (11th Cir. 2008), cert. denied, 129 S. Ct. 2790 (2009).  Allegations of prosecutorial misconduct present mixed questions of fact and law that are reviewed de novo.  United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997).  When we review an issue of prosecutorial misconduct, we must determine (1) whether the challenged comments were improper and (2) if so, whether they prejudiced the defendant's substantial rights. United States v. Paul, 175 F.3d 906, 909 (11th Cir. 1999).  "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006).

The district court did not abuse its discretion when it denied Moore's motion for a mistrial based on the cross-examination about his prior convictions.  The

2

district court sustained Moore's objection and provided a curative instruction for the jury to disregard the questions. Moore's prior convictions could have been admissible for impeachment, under Federal Rule of Evidence 609(a)(1), subject to the discretion of the district court. There was ample evidence that Moore was a felon who had intentionally possessed a firearm and ammunition. Moore has not established that, but for any error, the outcome of his trial would have been different.

The district court also did not abuse its discretion when it denied Moore's motion for a mistrial based on the closing argument of the prosecutor. In closing, the prosecutor urged the jurors to "draw on their own common sense, your life experiences." The prosecutor also invited the jurors to consider Moore's position for the purpose of evaluating Moore's credibility. Even if the prosecutor's argument was improper, it did not prejudice Moore's substantial rights. The district court provided a curative instruction, and there was ample evidence of Moore's guilt.

Moore's conviction is

**AFFIRMED.**